AMERICAN MARINE CORPORATION, _____ )
                Plaintiff(s), )
vs. )
                )
                )
BLUE SHIELD OF CALIFORNIA, _____ )
                Defendant(s). )
_____ )

CASE NO. 3AN-10-10119 CI

SUPPLEMENTAL
SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Blue Shield of California _____

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) ___Jeffrey J. Waller___, whose address is: Holmes Weddle & Barcott, PC
   701 W. 8th Ave., Suite 700, Anchorage, AK 99501 _____

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[x] This case has been assigned to Superior Court Judge ___Tan___
     and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

___11/10/10___
    /Date/

By: _Connie Tennyson_
     Deputy Clerk

I certify that on __11/10/10__ a copy of this Summons was [X] mailed [ ] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file an answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

*AmS*

Civil Rules 4, 5, 12, 42(c), 55

# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

AMERICAN MARINE CORPORATION, )
                Plaintiff(s), )
vs. )
)
)
)
BLUE SHIELD OF CALIFORNIA, )
                Defendant(s). )

CASE NO. 3AN- 10 - 10119 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Blue Shield of California a/k/a
Premera Blue Cross Blue Shield of California

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Jeffrey J. Waller , whose address is: Holmes Weddle & Barcott,

P.C., 701 W. 8th Ave., Suite 700, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge Tan
    and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

8/23/10
_____
Date

By: _____
            Deputy Clerk

I certify that on 8/23/10 a copy of this Summons was ☐ mailed ☑ given to
☐ plaintiff ☑ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

CASE NO. 3AN-10-1011 9Ci

| NAME | MAILING ADDRESS & PHONE NUMBER | FOR WHOM |
|---|---|---|
| Jeffrey J. Waller | Holmes Weddle & Barcott, P.C<br>701 W. 8th Ave., Suite 700<br>Anchorage, AK 99501<br>(907) 274-0666 | Plaintiff<br>American Marine Corporation |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TF-900 (3/00)(5 ½ X 8 ½)(canary cdsk)

MALPRACTICE
- ☐ Legal Malpractice (CISLMP)
- ☐ Medical Malpractice (CISMMP)
- ☐ Other Malpractice (CISOMP)

REAL PROPERTY
- ☐ Foreclosure (CISFOR)
- ☐ Condemnation (CISCNDM)
- ☐ Real Property Action (CISREM)

OTHER CIVIL
- ☐ Arbitration Proceeding (CISAP)
- ☐ Confession of Judgment (CISCCONF)
- ☐ Declaratory Judgment/Injunc. Relief (CISINJ)
- ☐ OSC Request – Admin Agency (CIOSC)
- ☐ Action to Enforce Administrative Agency Order (Incl Subpoena) (CISBW)
- ☐ Writ of Habeas Corpus (CIWHC)
- ☐ Election Contest or Recount Appeal (CISELE)
- ☐ Enforcement of Arbitration Order or Subpoena AS 09.43.070 (CIARB)
- ☐ Unfair Trade Practice (CISUTP)
- ☐ Consumer Protection (CISCP) (Clerk: mail copy of complaint/initial pleading to attorney general)
- ☐ Other Civil Complaint (CISOCI). Describe:_____
  _____

- ☐ Uncontested Divorce With Children (CISUDVC)

LEGAL SEPARATION
- ☐ Legal Separation With Children (CICLS)
- ☐ Legal Separation Without Children (CISLS)

DOMESTIC RELATIONS OTHER
- ☐ Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- ☐ Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- ☐ Petition for Order re: PFD or Native Dividend (CIPND)
- ☐ Establishment of Paternity (CISPAT)
- ☐ Disestablishment of Paternity (CIDPAT)
- ☐ Foreign Custody Order – Registration, Modification or Enforcement under AS 25.30 (DR483)
- ☐ Foreign Support Order – Registration, Modification or Enforcement under AS 25.25 (CIUIFSA)
- ☐ Both Foreign Custody and Support Order – Registration, Modification or Enforcement under AS 25.30 and AS 25.25 (CIFCS)
- ☐ Foreign Domestic Relations Order (Not Custody or Support) – Registration, Modification or Enforcement (CIDRFJ)
- ☐ Petition for Annulment (CIANNUL)
- ☐ Petition for Visitation (CIVIS)

CIV-125S (CourtView version) (1/10)(cs - ht)
CASE DESCRIPTION FORM – SUPERIOR COURT

Case 3:10-cv-00265-RRB   Document 1-2   Filed 11/29/10   Page 3 of 21

# CASE DESCRIPTION – SUPERIOR COURT

Case Number: 3AN-10- *1 0 1 1 9* CI

Check the box that best describes the case. Mark **one** box only. If the caption is "In the Matter of", do <u>not</u> select Civil – Superior Court case. Use either Superior Court Miscellaneous Petition or appropriate Domestic Relations case type. For district court cases, use form CIV-125D.

| CIVIL – SUPERIOR COURT | FORCIBLE ENTRY AND DETAINER – SUPERIOR COURT |
|---|---|

**CIVIL – SUPERIOR COURT**

**CONTRACT –** *Contract cases involving real property should be reported under the real property category.*
- [ ] Debt Collection (CISDEB)
- [ ] Claim Against Seller of Goods/Services (CISCLAIM)
- [ ] Employment Dispute (CISEMP)
- [x] Other Contract (CISOCT)

**TORT**
- [ ] Intentional Tort (e.g., assault, battery, vandalism) (CISIT)
- [ ] Slander/Libel/Defamation (CISSLD)
- [ ] Product Liability (CISPL)
- [ ] Wrongful Death (CISPID)

Automobile Negligence:
- [ ] Personal Injury Only (CISPIA)
- [ ] Property Damage Only (CISPDA)
- [ ] Both (CISIDA)

Other Negligence:
- [ ] Personal Injury Only (CISPIO)
- [ ] Property Damage Only (CISPDO)
- [ ] Both (CISIDO)

**MALPRACTICE**
- [ ] Legal Malpractice (CISLMP)
- [ ] Medical Malpractice (CISMMP)
- [ ] Other Malpractice (CISOMP)

**REAL PROPERTY**
- [ ] Foreclosure (CISFOR)
- [ ] Condemnation (CISCNDM)
- [ ] Real Property Action (CISREM)

**OTHER CIVIL**
- [ ] Arbitration Proceeding (CISAP)
- [ ] Confession of Judgment (CISCCONF)
- [ ] Declaratory Judgment/Injunc. Relief (CISINJ)
- [ ] OSC Request – Admin Agency (CIOSC)
- [ ] Action to Enforce Administrative Agency Order (Incl Subpoena) (CIBW)
- [ ] Writ of Habeas Corpus (CIWHC)
- [ ] Election Contest or Recount Appeal (CISELE)
- [ ] Enforcement of Arbitration Order or Subpoena AS 09.43.070 (CIARB)
- [ ] Unfair Trade Practice (CISUTP)
- [ ] Consumer Protection (CISCP) (Clerk: mail copy of complaint/initial pleading to attorney general)
- [ ] Other Civil Complaint (CISOCI). Describe:_____
  _____

**FORCIBLE ENTRY AND DETAINER – SUPERIOR COURT**
- [ ] Eviction – F.E.D. (CISFED)

**FOREIGN JUDGMENT – SUPERIOR COURT**
- [ ] Registration of Foreign Judgment (CISFOJ)
  *Do not use for foreign support/custody order. See Domestic Relations category.*

**POST-CONVICTION RELIEF TO SUPERIOR COURT**
- [ ] Post-Conviction Relief (CISPCR)

**DOMESTIC RELATIONS**

**DIVORCE WITHOUT CHILDREN**
- [ ] Divorce Without Children (CISDIV)
- [ ] Uncontested Divorce Without Children – Superior Court (CISUDIV)

**DIVORCE OR CUSTODY WITH CHILDREN**
- [ ] Petition for Custody (CISCUS)
- [ ] Uncontested Complaint for Custody (CISUCUS)
- [ ] Divorce With Children (CISDVC)
- [ ] Uncontested Divorce With Children (CISUDVC)

**LEGAL SEPARATION**
- [ ] Legal Separation With Children (CICLS)
- [ ] Legal Separation Without Children (CISLS)

**DOMESTIC RELATIONS OTHER**
- [ ] Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- [ ] Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- [ ] Petition for Order re: PFD or Native Dividend (CIPND)
- [ ] Establishment of Paternity (CISPAT)
- [ ] Disestablishment of Paternity (CIDPAT)
- [ ] Foreign Custody Order – Registration, Modification or Enforcement under AS 25.30 (DR483)
- [ ] Foreign Support Order – Registration, Modification or Enforcement under AS 25.25 (CIUIFSA)
- [ ] <u>Both</u> Foreign Custody and Support Order – Registration, Modification or Enforcement under AS 25.30 and AS 25.25 (CIFCS)
- [ ] Foreign Domestic Relations Order (Not Custody or Support) – Registration, Modification or Enforcement (CIDRFJ)
- [ ] Petition for Annulment (CIANNUL)
- [ ] Petition for Visitation (CIVIS)

Case 3:10-cv-00265-RRB   Document 1-2   Filed 11/29/10   Page 4 of 21

## SUPERIOR COURT MISCELLANEOUS PETITION

☐ Entry & Inspection Warrant – AS18.60.083
   (CISWRNT)
☐ Appointment of Trustee Counsel (CISTC)
☐ Other Superior Court Petition (CISPET)
   Describe: _____

### APPEAL & REVIEW MATTERS
### IN THE SUPERIOR COURT

## ADMINISTRATIVE AGENCY APPEAL

☐ DMV Appeal  (CIADDMV)
☐ Administrative Agency Appeal (CIADR)
☐ Employment Security Appeal (CIADRESA)

## APPEAL FROM DISTRICT COURT

☐ Civil or Small Claims Appeal (CIACI)
☐ Criminal Merit Appeal (CIACRM)
☐ Criminal Sentence Appeal (CIACRS)
☐ Minor Offense Appeal  (CIAMO)

## PETITION FOR REVIEW OR RELIEF

☐ Petition for Review from Admin. Agency (CIPRA)
☐ Petition for Review from District Court (CIPRD)
☐ Petition for Review from Admin. Agency –
      AS 44.62.305 (CIPRLF)
☐ CSSD License Review Action (CICSED)

Case 3:10-cv-00265-RRB   Document 1-2   Filed 11/29/10   Page 5 of 21

Jeffrey J. Waller, Esq.
Holmes Weddle & Barcott, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: 907-274-0666
Fax: 907-277-4657

Attorneys for Plaintiff.



## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

AMERICAN MARINE CORPORATION
d/b/a AMERICAN HYPERBARIC
CENTER,

                    Plaintiff,

     vs.

BLUE SHIELD OF CALIFORNIA,              Case No. 3AN-10-10119 CI

                    Defendant.

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff American Marine Corporation d/b/a American Hyperbaric Center ("AMC") by and through its counsel of record, Holmes Weddle & Barcott, P.C., and hereby asserts as follows:

## ALLEGATIONS

1.    AMC is now and at all relevant times has been a corporation duly conducting business under the laws of the State of Alaska within the Third Judicial

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666



District; has paid its taxes due the State and filed its required reports; and is fully qualified to commence and maintain this action.

2. Upon information and belief, Blue Shield of California ("Blue Shield") is an insurance company authorized to conduct business.

3. Venue is proper within the Third Judicial District, as the District within which AMC's claim against Blue Shield arose.

4. AMC operates hyperbaric oxygen therapy ("HBOT") treatment facilities in Alaska and Hawaii.

5. On August 6, 2008, patient Mark D. Rogers ("Rogers") was prescribed sixty HBOT treatments for soft tissue radionecrosis by Dr. Stephen A. Bangle.

6. Rogers is a diabetic and had non-healing wounds in his rectal area.

7. On August 2, 2008, Rogers presented to AMC for HBOT treatments at AMC's facility in Wailuki, Hawaii.

8. At all pertinent times, Rogers was insured by Blue Shield.

9. On August 7, 2008, AMC contacted Blue Shield concerning the HBOT treatments and services prescribed for Rogers.

10. AMC notified Blue Shield that the prescribed sixty treatments were HBOT treatments and that Rogers had been diagnosed with soft tissue radionecrosis.

11. Blue Shield informed AMC that Rogers had met his deductible of $500.00, had met his out-of-pocket requirements of $1000.00, that no preauthorization for the HBOT was required, that there was no exclusion for HBOT, and that Blue Shield would pay 100% of the allowable amount. The allowable

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

amount referred to by Blue Shield is based upon a written facility agreement between AMC and Alaska BCBS. There is no written facility agreement between AMC and Blue Shield.

12. Blue Shield authorized AMC to begin and continue the HBOT treatments to Blue Shield's insured, Rogers.

13. AMC began HBOT treatments to Rogers on August 8, 2008.

14. On September 12, 2008, at a follow-up appointment with Dr. Bangle, the doctor recommended that Rogers be discharged after forty HBOT treatments.

15. AMC provided forty HBOT treatments to Rogers beginning August 8, 2008 through September 17, 2008.

16. AMC billed Blue Shield for the HBOT treatments.

17. Upon information and belief, Blue Shield is a member and/or participant in BlueCard.

18. Upon information and belief, Blue Cross Blue Shield of Alaska ("Alaska BCBS") is also a member and/or participant of BlueCard.

19. Through BlueCard, Alaska BCBS tendered payments by Blue Shield to AMC's office in Alaska for the HBOT treatments provided to Rogers.

20. On October 24, 2008, AMC received partial payment from Blue Shield, through Alaska BCBS, for portions of the HBOT treatments.

21. On November 14, 2008, Blue Shield (through Alaska BCBS) sent explanation of benefits denying payment for some of the HBOT treatments provided by AMC to Blue Shield's insured, Rogers.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

FIRST AMENDED COMPLAINT                                    Page 3
*American Marine Corporation v. Blue Shield of California*      Case No. 3AN-10-10119 CI

22. On February 27, 2009, Blue Shield, through Alaska BCBS, hired a company by the name of Calypso to seek a refund of the payments made to AMC for Rogers' HBOT treatments in the amount of $8,730.00.

23. Alaska BCBS, for the benefit of Blue Shield, took an offset of funds owed by Alaska BCBS to AMC for the $8,730.00 refund payment that Blue Shield was seeking from AMC.

24. Upon information and belief, Alaska BCBS returned the off-setted funds of $8,730.00 to Blue Shield.

25. The costs of the forty HBOT treatments AMC provided to Rogers was $109,375.26.

26. Rogers paid $450.09 toward this outstanding amount.

27. The amount currently owed for the HBOT treatments AMC provided to Blue Shield's insured, Rogers, is $108,925.17.

28. Blue Shield has refused to pay the $108,925.17 to AMC.

<div align="center">

## COUNT I
### Breach Of Contract, Debt

</div>

29. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30. An oral contract for payment of the HBOT treatments to be administered to Rogers was formed between AMC and Blue Shield.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666



31. AMC provided the HBOT treatments to Rogers based upon the representations made by Blue Shield, including that Blue Shield would pay 100% of the allowable amount.

32. AMC performed its obligations under the contract by providing the HBOT treatments to Blue Shield's insured, Rogers.

33. Blue Shield breached the contract by refusing to pay.

34. Blue Shield breached the contract by taking back funds already paid to AMC for the HBOT treatments to Rogers.

35. Blue Shield is liable to AMC for an amount of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

36. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35 above.

37. The oral contract between Blue Shield and AMC includes the implied covenant of good faith and fair dealing.

38. Blue Shield has deprived AMC of the benefit of the oral contract by refusing to pay for the medical treatments and services provided based upon grounds that were not within the terms of the oral contract.

39. Blue Shield's refusal to pay, its asserted basis for refusing to pay, and its recovery of amounts paid are acts that a reasonable person would not regard as fair under the oral contract.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666



40.    Blue Shield has breached the implied covenant of good faith and fair dealing in the contract between Blue Shield and AMC.

41.    Blue Shield's breach of the implied covenant of good faith and fair dealing has caused damages to AMC.

42.    Based upon Blue Shield's breach of the implied covenant of good faith and fair dealing, Blue Shield is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT III

### Misrepresentation

43.    AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above.

44.    AMC contacted Blue Shield concerning the HBOT treatments prescribed for Rogers.

45.    Blue Shield stated that Blue Shield would pay 100% of the allowable amount for the HBOT treatments prescribed and administered by AMC to Rogers.

46.    The statement by Blue Shield was untrue and misleading.

47.    The statement by Blue Shield was made with the intent to induce AMC to rely upon the statement.

48.    AMC provided the HBOT treatments to Rogers relying upon the truth of the statement by Blue Shield.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

49.　　As a direct result of AMC's reliance upon the statement by Blue Shield, AMC has been damaged relative to the unpaid costs of the HBOT treatments administered by AMC to Rogers.

50.　Based upon Blue Shield's misrepresentation, Blue Shield is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT IV

### Independent Obligation To Pay For Medical Treatments

51.　　AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 above.

52.　　Blue Shield misrepresented its coverage of Rogers for the HBOT treatments.

53.　　The misrepresentation of coverage was made to AMC.

54.　　AMC relied upon the statements made by Blue Shield, and provided forty HBOT treatments to Rogers.

55.　　Blue Shield's misrepresentation of coverage gives rise to an independent obligation of Blue Shield to pay for the HBOT treatments AMC provided to Rogers.

56.　　Blue Shield is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

WHEREFORE, Plaintiff American Marine Corporation d/b/a American Hyperbaric Center demands that Defendant be held liable for judgment as follows:

A.    For damages of at least $108,925.17, with the exact amount to be proven at the time of trial.

B.    For an award of plaintiff's costs, pre-judgment and post-judgment interest, and attorneys' fees; and

C.    For such other relief the Court may deem just and equitable.

DATED this ____ day of November, 2010, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, PC
Attorneys for Plaintiff

By _____
Jeffrey J. Waller
Alaska Bar No. 0703005

X:\4367\23196-Rogers\pld\Complaint.doc

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

FIRST AMENDED COMPLAINT
*American Marine Corporation v. Blue Shield of California*

Page 8
Case No. 3AN-10-10119 CI

Jeffrey J. Waller, Esq.
Holmes Weddle & Barcott, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: 907-274-0666
Fax: 907-277-4657

Attorneys for Plaintiff.

<div align="center">

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

</div>

<div style="vertical sidebar">

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

</div>

AMERICAN MARINE CORPORATION
d/b/a AMERICAN HYPERBARIC
CENTER,

        Plaintiff,

vs.

BLUE SHIELD OF CALIFORNIA a/k/a
PREMERA BLUE CROSS BLUE SHIELD
OF CALIFORNIA,

        Defendant.

Case No. 3AN-10- 10119 CI

<div align="center">

## COMPLAINT

</div>

COMES NOW Plaintiff American Marine Corporation d/b/a American Hyperbaric Center ("AMC") by and through its counsel of record, Holmes Weddle & Barcott, P.C., and hereby asserts as follows:

<div align="center">

## ALLEGATIONS

</div>

1.    AMC is now and at all relevant times has been a corporation duly conducting business under the laws of the State of Alaska within the Third Judicial



HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

2.      Upon information and belief, Blue Shield of California a/k/a Premera Blue Cross Blue Shield of California ("Premera") is an insurance company authorized to conduct business in Alaska.

3.      Venue is proper within the Third Judicial District, as the District within which AMC's claim against Premera arose.

4.      AMC operates hyperbaric oxygen therapy ("HBOT") treatment facilities in Alaska and Hawaii.

5.      On August 6, 2008, patient Mark D. Rogers ("Rogers") was prescribed sixty HBOT treatments for soft tissue radionecrosis by Dr. Stephen A. Bangle.

6.      Rogers is a diabetic and had non-healing wounds in his rectal area.

7.      On August 2, 2008, Rogers presented to AMC for HBOT treatments at AMC's facility in Wailuku, Hawaii.

8.      At all pertinent times, Rogers was insured by Premera.

9.      On August 7, 2008, AMC contacted Premera concerning the HBOT treatments and services prescribed for Rogers.

10.     AMC notified Premera that the prescribed sixty treatments were HBOT treatments and that Rogers had been diagnosed with soft tissue radionecrosis.

11.     Premera informed AMC that Rogers had met his deductible of $500.00, had met his out-of-pocket requirements of $1000.00, that no preauthorization for the

HBOT was required, that there was no exclusion for HBOT, and that Premera would pay 100% of the allowable amount. The allowable amount referred to by Premera is based upon a written facility agreement between AMC and Alaska BCBS. There is no written facility agreement between AMC and Premera.

12.     Premera authorized AMC to begin and continue the HBOT treatments to Premera's insured, Rogers.

13.     AMC began HBOT treatments to Rogers on August 8, 2008.

14.     On September 12, 2008, at a follow-up appointment with Dr. Bangle, the doctor recommended that Rogers be discharged after forty HBOT treatments.

15.     AMC provided forty HBOT treatments to Rogers beginning August 8, 2008 through September 17, 2008.

16.     AMC billed Premera for the HBOT treatments.

17.     Upon information and belief, Premera is a member and/or participant in BlueCard.

18.     Upon information and belief, Blue Cross Blue Shield of Alaska ("Alaska BCBS") is also a member and/or participant of BlueCard.

19.     Through BlueCard, Alaska BCBS tendered payments by Premera to AMC's office in Alaska for the HBOT treatments provided to Rogers.

20.     On October 24, 2008, AMC received partial payment from Premera, though Alaska BCBS, for portions of the HBOT treatments.

<div style="margin-left:5em; font-style:italic;">
HOLMES WEDDLE & BARCOTT, PC<br/>
701 WEST EIGHTH AVENUE, SUITE 700<br/>
ANCHORAGE, ALASKA 99501-3408<br/>
TELEPHONE (907) 274-0666
</div>

COMPLAINT                                                                 Page 3
*American Marine Corporation v. Blue Shield of California*      Case No. 3AN-10-_____ CI



21. On November 14, 2008, Premera (through Alaska BCBS) sent explanation of benefits denying payment for some of the HBOT treatments provided by AMC to Premera's insured, Rogers.

22. On February 27, 2009, Premera, through Alaska BCBS, hired a company by the name of Calypso to seek a refund of the payments made to AMC for Rogers' HBOT treatments in the amount of $8,730.00.

23. Alaska BCBS, for the benefit of Premera, took an offset of funds owed by Alaska BCBS to AMC for the $8,730.00 refund payment that Premera was seeking from AMC.

24. Upon information and belief, Alaska BCBS returned the off-setted funds of $8,730.00 to Premera.

25. The costs of the forty HBOT treatments AMC provided to Rogers was $109,375.26.

26. Rogers paid $450.09 toward this outstanding amount.

27. The amount currently owed for the HBOT treatments AMC provided to Premera's insured, Rogers, is $108,925.17.

28. Premera has refused to pay the $108,925.17 to AMC.

## COUNT I

### Breach Of Contract, Debt

29. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

COMPLAINT
*American Marine Corporation v. Blue Shield of California*

30. An oral contract for payment of the HBOT treatments to be administered to Rogers was formed between AMC and Premera.

31. AMC provided the HBOT treatments to Rogers based upon the representations made by Premera, including that Premera would pay 100% of the allowable amount.

32. AMC performed its obligations under the contract by providing the HBOT treatments to Premera's insured, Rogers.

33. Premera breached the contract by refusing to pay.

34. Premera breached the contract by taking back funds already paid to AMC for the HBOT treatments to Rogers.

35. Premera is liable to AMC for an amount of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

36. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35 above.

37. The oral contract between Premera and AMC includes the implied covenant of good faith and fair dealing.

38. Premera has deprived AMC of the benefit of the oral contract by refusing to pay for the medical treatments and services provided based upon grounds that were not within the terms of the oral contract.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

40. Premera has breached the implied covenant of good faith and fair dealing in the contract between Premera and AMC.

41. Premera's breach of the implied covenant of good faith and fair dealing has caused damages to AMC.

42. Based upon Premera's breach of the implied covenant of good faith and fair dealing, Premera is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT III

### Misrepresentation

43. AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above.

44. AMC contacted Premera concerning the HBOT treatments prescribed for Rogers.

45. Premera stated that Premera would pay 100% of the allowable amount for the HBOT treatments prescribed and administered by AMC to Rogers.

46. The statement by Premera was untrue and misleading.

47. The statement by Premera was made with the intent to induce AMC to rely upon the statement.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

COMPLAINT
*American Marine Corporation v. Blue Shield of California*

48.     AMC provided the HBOT treatments to Rogers relying upon the truth of the statement by Premera.

49.     As a direct result of AMC's reliance upon the statement by Premera, AMC has been damaged relative to the unpaid costs of the HBOT treatments administered by AMC to Rogers.

50.     Based upon Premera's misrepresentation, Premera is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

## COUNT IV

### Independent Obligation To Pay For Medical Treatments

51.     AMC hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 above.

52.     Premera misrepresented its coverage of Rogers for the HBOT treatments.

53.     The misrepresentation of coverage was made to AMC.

54.     AMC relied upon the statements made by Premera, and provided forty HBOT treatments to Rogers.

55.     Premera's misrepresentation of coverage gives rise to an independent obligation of Premera to pay for the HBOT treatments AMC provided to Rogers.

56.     Premera is liable to AMC in the sum of at least $108,925.17, with the exact amount to be proven at the time of trial.

COMPLAINT                                                                      Page 7
*American Marine Corporation v. Blue Shield of California*          Case No. 3AN-10-_____ CI

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666



## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Marine Corporation d/b/a American Hyperbaric Center demands that Defendant be held liable for judgment as follows:

A.  For damages of at least $108,925.17, with the exact amount to be proven at the time of trial.

B.  For an award of plaintiff's costs, pre-judgment and post-judgment interest, and attorneys' fees; and

C.  For such other relief the Court may deem just and equitable.

DATED this 23rd day of August, 2010, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, PC
Attorneys for Plaintiff

By _____
Jeffrey J. Waller
Alaska Bar No. 0703005

X:\4367\23196-Rogers\pld\Complaint.doc

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

COMPLAINT                                                                 Page 8
*American Marine Corporation v. Blue Shield of California*        Case No. 3AN-10-_____ CI

